## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **09-90004**

Adversary Proceeding Number: **09-80182-dd**

## ORDER

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/17/2010**



/s/ David R. Duncan

David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/17/2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| Frank A. Amelung and Eugenia Marie Amelung, | C/A No. 09-90004-DD |
| | (07-15492-PGH) |
| | (Bankr. S.D. Fla.) |
| Debtors | |
| Michael R. Bakst, | |
| Plaintiff, | Adv. No. 09-80182-DD |
| v. | Chapter 7 |
| Robert J. Probst, | **ORDER** |
| Defendant. | |

This matter is before the Court on Chapter 7 Trustee Michael R. Bakst's ("Plaintiff") Complaint against Robert J. Probst ("Defendant") to recover a $10,000 payment made by Frank A. Amelung ("Debtor") to Defendant. Plaintiff filed his Complaint on November 16, 2009 and an Amended Complaint on February 9, 2010. Defendant filed his Answer on February 12, 2010. A trial was held on September 9, 2010. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, made applicable to this matter by Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT**

Debtors Frank and Eugenia Amelung filed a Chapter 7 bankruptcy on July 13, 2007 in the Southern District of Florida. Debtors' schedules and the proofs of claim filed in the bankruptcy case reflect over $100 million in debt. The assets of these Debtors are worth significantly less. Two of the proofs of claim filed in this case reflect debts that date back to

early 2003 (claim #1 by SunTrust approximating $93,000 and claim #2 by BB&T approximating $111,000). An adversary proceeding was commenced in that district by Plaintiff on November 16, 2009, and the proceeding was transferred to this Court on October 30, 2009. Plaintiff Bakst is the appointed Chapter 7 trustee.

Debtor was involved in a planned renovation project on Richland Fashion Mall in 2004-05 which ultimately failed. The bankruptcy schedules disclose an unspecified interest of Debtor in Richland Mall, LLC ("Richland Mall"). Defendant Probst is a licensed South Carolina architect. In December 2004, Defendant Probst was hired and entered into an oral contract to perform architectural design work for the Richland Fashion Mall project, which he completed. Defendant's contact for the project was Mike Lester, an agent for undisclosed principals. Defendant, at the direction of Mr. Lester, addressed invoices for his services to Richland Mall, LLC. He received payments from several different sources throughout his involvement with the Richland Mall project. Defendant had little to no contact with Debtor during his work on the project, but received from Mr. Lester a $10,000 payment for his services drawn on Debtor's personal bank account on January 24, 2005.

Plaintiff brought this proceeding to avoid the January 24, 2005 transfer by Debtor as a fraudulent transfer pursuant to 11 U.S.C. § 544 and S.C. Code § 27-23-10.

## **CONCLUSIONS OF LAW**

Plaintiff asserts that the transfer by Debtor was a voidable transfer under South Carolina's Statute of Elizabeth and therefore is subject to avoidance pursuant to 11 U.S.C. § 544(b). Plaintiff has the burden of proof on all issues. Defendant responds that he provided professional services to Debtors and that all value he received was in exchange for professional

services of equal value rendered by him. Defendant's answer asserted the statute of limitations as a bar to this action; however, the defense was not pressed at trial and is deemed abandoned.[1]

## I.

11 U.S.C. § 544(b)(1), the relevant provision here, states:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

Section 544 does not establish any substantive provisions for avoiding transfers but merely gives the trustee the status of a creditor under state law. *In re Derivium Capital, LLC*, 396 B.R. 184, 192 (Bankr. D.S.C. 2008) (quoting *In re J.R. Deans*, 249 B.R. 121, 129 (Bankr. D.S.C. 2000)). The burden of demonstrating the existence of an actual creditor with a viable, allowed claim is on the trustee. Collier on Bankruptcy ¶ 544.06, p. 544-18 (16th ed. 2010).

In the present case, Plaintiff has met the requirements of 11 U.S.C. § 544(b)(1). In his testimony, Plaintiff identified two creditors who were owed money by Debtor at the time of Debtor's payment to Defendant. These creditors are currently in existence and, based on Plaintiff's testimony, have allowed claims in the bankruptcy case. As a result, Plaintiff can step into either of these creditors' shoes to attempt to avoid the transfer by Debtor to Defendant under South Carolina state law.

## II.

Once the trustee meets his burden under Section 544(b) he can assert the unsecured creditor's rights under South Carolina's Statute of Elizabeth. The Statute of Elizabeth, found at S.C. Code § 27-23-10, states in relevant part:

---

[1] The Court has reviewed the timeline from the transfer to the bringing of the Complaint and the statute of limitations is not implicated.

> Every gift, grant, alienation, bargain, transfer, and conveyance of lands, tenements, or hereditaments, goods and chattels or any of them, or of any lease, rent, commons, or other profit or charge out of the same, by writing or otherwise, and every bond, suit, judgment, and execution which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken . . . to be clearly and utterly void, frustrate and of no effect . . . .

Under South Carolina law, the elements of the cause of action for avoidance depend on the status of the creditor whose rights the trustee is asserting. *In re Ducate*, 369 B.R. 251, 258 (Bankr. D.S.C. 2007). For creditors existing at the time of the transfer, as here, further inquiry as to whether the transfer was or was not made for valuable consideration is necessary. If the transfer was made for valuable consideration, it can be avoided if "the plaintiff establishes that (1) the transfer was made by the grantor with the actual intent of defrauding his creditors; (2) the grantor was indebted at the time of the transfer; and (3) the grantor's intent is imputable to the grantee." *Id.* (citing *Mathis v. Burton*, 319 S.C. 261, 460 S.E.2d 406 (Ct. App. 1995)). In contrast, if the transfer was not made for valuable consideration, the plaintiff does not need to prove any actual intent to hinder or delay creditors. *Id.* (citing *Mathis v. Burton*, 319 S.C. 261, 460 S.E.2d 406 (Ct. App. 1995)). Instead, the plaintiff must prove that "(1) the grantor was indebted to him at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay the indebtedness to the plaintiff in full . . . when the creditor seeks to collect his debt." *Id.* (citing *Mathis v. Burton*, 319 S.C. 261, 460 S.E.2d 406 (Ct. App. 1995)).

We turn first then to the issue of whether the transfer to Defendant was for valuable consideration. South Carolina law provides that "value given to a person other than the debtor in exchange for the debtor's assets does not constitute consideration sufficient to avoid the application of [the Statute of Elizabeth]." *Dufresne v. Regency Realty, Inc.*, 295 S.C. 1, 366

S.E.2d 256 (Ct. App. 1987), *overruled on other grounds by Royal Z Lanes, Inc. v. Collins Holding Corp.,* 337 S.C. 592, 524 S.E.2d 621 (1999). Additionally, in *Future Group, II v. Nationsbank*, 324 S.C. 89, 478 S.E.2d 45 (1996), the South Carolina Supreme Court found that valuable consideration was not present when a corporation guaranteed the debt of its director because the corporation did not receive any benefit. *Future Group*, 324 S.C. at 97, 478 S.E.2d at 49.

The only evidence on this issue was from Plaintiff, indicating that the project failed and that his review of Debtor's financial records revealed no benefit to Debtor from the services of Defendant. Defendant did not provide the Court with any information regarding the relationship between Debtor and Richland Mall or Debtor's involvement with the mall project, and in fact was unsure whether he had even met Debtor. Defendant testified that his contact for the project was someone other than Debtor and that his invoices were made out to "Richland Mall, LLC." There is no evidence that Debtor received any benefit from making the payment to Defendant. As a result, the Court finds that Debtor did not benefit from the services of Defendant and that the $10,000 payment to Defendant was not made for valuable consideration.

Under South Carolina law, avoidance of a transfer by a creditor in existence at the time of a transfer made without valuable consideration requires proof that "(1) the grantor was indebted to him (i.e., the complaining creditor) at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay the indebtedness to the plaintiff in full . . . when the creditor seeks to collect his debt." *Ducate*, 369 B.R. at 258 (citing *Mathis v. Burton*, 319 S.C. 261, 460 S.E.2d 406 (Ct. App. 1995)). An actual intent to defraud on the part of the debtor is immaterial. *Royal Z Lanes, Inc. v. Collins Holding Corp.*, 337 S.C.

592, 594, 524 S.E.2d 621, 622 (1999) (citing *Future Group II v. Nationsbank*, 324 S.C. 89, 478 S.E.2d 45 (1996)).

Plaintiff has satisfied these elements. Two creditors that remain unpaid were owed by Debtor at the time of his payment to Defendant. The Plaintiff steps into the shoes of those creditors pursuant to 11 U.S.C. § 544(b). The payment to Defendant by Debtor was voluntary. South Carolina courts have defined a voluntary conveyance as including "a conveyance made upon a mere nominal consideration or without consideration." *First State Sav. and Loan Ass'n v. Nodine*, 291 S.C. 445, 450, 354 S.E.2d 51, 54 (Ct. App. 1987). In this case, as discussed above, the transfer by Debtor was made without consideration. The transfer meets the definition of a voluntary conveyance under South Carolina law.

Finally, Debtor has failed to retain sufficient property to pay his creditors. This final requirement for setting aside a transfer is measured "not merely at the time of transfer, but at the time plaintiff seeks to collect." *Future Group, II v. Nationsbank*, 324 S.C. 89, 96, 478 S.E.2d 45, 48 (1996) (citing *Gardner v. Kirven*, 184 S.C. 37, 191 S.E. 814 (1937); *Penning v. Reid*, 167 S.C. 263, 166 S.E. 139 (1932); *Dufresne v. Regency Realty, Inc.*, 295 S.C. 1, 366 S.E.2d 256 (Ct. App. 1987)). Thus, insolvency at the time of the transfer is not required.[2] Debtor is currently in Chapter 7 bankruptcy, and therefore his creditors are seeking to collect from Debtor's bankruptcy estate the debts owed them. From the trustee's testimony it is clear that Debtor's assets are vastly insufficient to pay his creditors in full. As a result, the third requirement to set aside the transfer to Defendant is met.

---

[2] Plaintiff sought to prove the Debtor's insolvency through an expert witness report that was stipulated to. Defendant attacked the underpinnings of the insolvency opinion at a deposition. The transcript of the deposition was introduced at trial. The court need not reach the solvency issue.

## **CONCLUSION**

The Court finds that Plaintiff has satisfied the elements for setting aside a transfer under 11 U.S.C. § 544(b) and S.C. Code § 27-23-10. As a result, the Court sets aside the $10,000 payment by Debtor to Defendant. The transfer should be recovered by the trustee. 11 U.S.C. § 550. The trustee is therefore awarded $10,000 from Defendant.

**AND IT IS SO ORDERED.**